UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-14093-CIV-MARTINEZ/BANDSTRA

KIRK W. KRAUEL,

    Petitioner,

vs.

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.2254 [ §2241][1] (D.E. 1) filed on March 14, 2008. On March 20, 2008, this petition was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Jose E. Martinez for all necessary and proper action pursuant to 28 U.S.C. §636(b). Having carefully considered the petition, the government's response, the reply, the court file and applicable law, the undersigned recommends that this petition for writ of habeas corpus be DENIED for reasons explained below. The undersigned also recommends that Petitioner's Motion for Stay of State Court Proceedings Pending Determination of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§2254, 2241 Pending Before This Court (D.E.2) filed on March 14, 2008 be DENIED.

---

[1] Petitioner seeks relief pursuant to 28 U.S.C. §2254 in his petition for writ of habeas corpus, however, in his memorandum in support of his motion to stay and his petition he references 28 U.S.C. §2241. In an effort to insure a complete review of petitioner's request for relief, the undersigned has evaluated the applicability of both statutes.

## BACKGROUND

On September 9, 2006, petitioner was charged with possession of cocaine, a third degree felony, and possession of paraphernalia and tampering with evidence, both first degree misdemeanors. The trial court withheld adjudication of these charges.

On or about June 21, 2007, petitioner was arrested for possession of cocaine and driving with a suspended license. Thereafter, the State Attorney offered petitioner eighteen months in state prison if he pled guilty to the charges. Petitioner rejected the offer and retained private counsel in order to proceed to trial. Petitioner is currently out on bond awaiting trial in Indian River County, Florida. Petitioner has requested that the state court refer him to "drug court" in accordance with Administrative Order 2002-06 established by the 19th Judicial Circuit. The State Attorney refused to do so because of petitioner's prior felony arrest which resulted in a withhold of adjudication.

On October 2, 2007, petitioner appeared before the Honorable Dan L. Vaughn and requested the opportunity to file a motion seeking judicial admission to "drug court" because of the state's denial. Petitioner was advised that such a hearing could only be scheduled by the State Attorney or the assigned trial judge. On October 11, 2007, Judge Vaughn issued an order denying petitioner's motion for judicial admission to "drug court" holding that it had no authority to order petitioner's request.

On October 22, 2007, petitioner filed an Emergency Petition for Writ of Prohibition and Mandamus requesting the Fourth District Court of Appeals to order that he be admitted into "drug court" and prohibit the trial court from requiring that he proceed to trial without conducting a hearing on his eligibility for the program. On January 8, 2008, the Court of Appeals denied the writ on the merits. Petitioner then filed a Motion for Clarification and

Certification to the Florida Supreme Court, which was denied on February 20, 2008.

On March 14, 2008, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. §2254 raising numerous grounds. Petitioner argues that the prosecutor and the trial judge violated petitioner's due process and equal protection rights by denying him access to a pre-trial drug court diversion program. Petitioner also argues that the prosecutor abused his authority and the trial court violated petitioner's due process right to access to drug court as well as his federal due process and equal protection rights. Further, petitioner argues that the state court issued an unlawful and unconstitutional administrative order. The Government opposes the motion on both procedural and substantive grounds.

## FINDINGS AND CONCLUSIONS OF LAW

Petitioner seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §2254 and §2241. Respondent opposes the motion on procedural grounds, as well as on the merits. Respondent argues that petitioner improperly seeks to invoke federal jurisdiction under §2254 since petitioner is not presently in custody pursuant to a judgment from the state court. Additionally, respondent argues that the writ should be dismissed without prejudice pursuant to 28 U.S.C. §2241(c)(3) in that the petition is premature. *See Tooten v. Shevin,* 493 F.3d 173 (5th Cir. 1974).

Habeas corpus is an extraordinary remedy which will not ordinarily lie where there is an adequate remedy at law. *Bland v. Rodger,* 332 F.Supp. 989 (D.C.D.C. 1971). It is generally reserved for those situations where other relief is not practically available. *U.S. ex rel. Caputo v. Sharp*, 282 F.Supp. 362 (D.C. Pa. 1968). Ordinarily, before reaching the merits of a claim raised in a federal habeas petition the claim must first be exhausted in

state court. 28 U.S.C. §2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement...

In the instant case, petitioner is not in state custody, but out on bond pending trial. Petitioner has pled not guilty and his trial is scheduled to commence within the next few months. Respondent argues that petitioner does not satisfy the jurisdictional requirements of §2254 because he is not in custody, there has been no judgment of a state court, and, as such, this writ is premature.

The undersigned finds that petitioner has improperly invoked the jurisdiction of this Court. In fact, Petitioner "concedes that the judgment of the state court which renders him in custody and denies him the Due Process rights that he seeks is not a final judgment of conviction as is the common import and application of *Section 2254*." See Petitioner's Reply, pg. 6 (D.E. 13). Petitioner has failed to exhaust the state court process and he is procedurally barred at this time from raising his claims with this Court. Respondent correctly notes that petitioner could proceed to trial and be acquitted, or obtain a favorable plea agreement rendering the claims raised herein moot. The issues raised in a federal habeas petition must have been fairly presented to the state courts and thereby exhausted.

*Anderson v. Harless,* 459 U.S. 4 (1982); *Hutchins v. Wainright,* 715 F.2d 512 (11th Cir. 1983).

The undersigned additionally finds that 28 U.S.C. §2241 fails to offer petitioner a basis to invoke federal jurisdiction. 28 U.S.C. §2241 provides that a writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or the laws of the United States. 28 U.S.C. §2241(c)(3). Further §2241provides that a district court may have jurisdiction if it is within the district in which the state court proceedings were held resulting in the conviction and sentencing of a defendant. 28 U.S.C. §2241(d). Petitioner wholly fails to meet the procedural requirements to invoke these statutory provisions at this time. As previously stated, petitioner has not even proceeded to trial yet, is not in custody, no judgment has been rendered by a state court and no sentence has been imposed. Based on the foregoing findings establishing a procedural bar to this Court's jurisdiction, the undersigned finds that the Court need not address the remaining substantive merits of the petition.

## **RECOMMENDATION**

For all the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.2254 [ §2241] (D.E. 1) filed on March 14, 2008 be DENIED; and that Petitioner's Motion for Stay of State Court Proceedings Pending Determination of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§2254, 2241 Pending Before This Court (D.E.2) filed on March 14, 2008 be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge, within five (5) days of

receipt. See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED this 17th day of June, 2008 in Miami, Florida.

Ted E. Bandstra
Chief United States Magistrate Judge

cc: Honorable Jose E. Martinez
All counsel of recordbn