UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number:08-14093-CIV-MARTINEZ-BANDSTRA

KIRK W. KRAUEL,
    Plaintiff,

vs.

STATE OF FLORIDA, JUDGE DAN VAUGHN,
BRUCE COLTON, STATES ATTORNEY,
    Defendants.
_____/

### ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS FILED PURSUANT TO 28 U.S.C. §§ 2254, 2241

THE MATTER was referred to the Honorable Ted E. Bandstra, United States Magistrate Judge for a Report and Recommendation on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §§ 2254, 2241 and Petitioner's Motion for Stay of Court Proceedings Pending Determination of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2254, 2241 Pending Before This Court (D.E. No. 2).[1] Magistrate Judge Bandstra filed a Report and Recommendation (D.E. No. 15), recommending that both the petition and the motion be denied finding that the Court lacks jurisdiction. Petitioner Kirk Kraul ("Petitioner" or "Kraul") has filed objections to this Report and Recommendation. *See* (D.E. No. 16). The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and after careful consideration, the Court adopts Magistrate Judge Bandstra's Report and Recommendation in part and denies Petitioner's Petition on its merits.

Petitioner filed his petition based on pretrial rulings by the state court on Petitioner's

---

[1] Petitioner sought relief under 28 U.S.C. § 2254 in his petition; however, in his memorandum he referenced 28 U.S.C. § 2241.

criminal charges. On June 21, 2007, Petitioner was arrested for possession of cocaine and driving on a suspended license. In connection with these charges, Petitioner requested that he be referred to "drug court" in accordance with Administrative Order 2002-06. The State Attorney declined to refer Petitioner to "drug court," finding that this was not appropriate because he had a prior felony arrest for possession of cocaine and possession of paraphernalia and tampering with evidence, which resulted in a withhold adjudication. Petitioner then filed a motion asking the trial court to refer him to "drug court;" however, the trial court ruled that it did not have the authority to refer Petitioner to drug court, finding that Administrative Order 2002-06 assigned the responsibility for making eligibility decisions solely to the State Attorney. Petitioner then filed an Emergency Petition for Writ of Prohibition and Mandamus asking the Fourth District Court of Appeals to order that he be admitted to "drug court." The Fourth District Court of Appeals denied this writ on the merits. Petitioner then filed a Motion for Clarification and Certification to the Florida Supreme Court, which was also denied.

Petitioner then filed this petition, arguing that the State Attorney and the trial court violated his due process and equal protection rights by denying him access to the "drug court." He also filed a motion to stay the court trial pending this Court's resolution of his petition. Magistrate Judge Bandstra has recommended that both of these motions be denied as this Court lacks jurisdiction to consider Petitioner's premature petition. This Court agrees in part, finding that this Court lacks jurisdiction to consider Petitioner's petition under section 2254 because the statute does not apply to Petitioner. To the extent Petitioner seeks relief under section 2241, the Court denies Petitioner's motion on the merits.

First, the Court finds that it lacks jurisdiction to consider Petitioner's motion under 28

U.S.C.§ 2254.  Section 2254 specifically applies to "a person in custody pursuant to the judgment of a State court." It is undisputed that Petitioner is not in custody pursuant to a state court judgment.  He is currently out on bond awaiting trial.  Therefore, section 2254 does not apply to Petitioner and to the extent Petitioner seeks relief under section 2254, his petition is denied.  *See Prince v. Bailey*, 464 F. 2d 544 (5th Cir. 1972) (finding a court did not have jurisdiction to consider a section 2254 petition filed by pretrial detainee as he was not in custody pursuant to a state judgment).[2]

Next, the Court finds that while the Court does have jurisdiction to issue a writ of habeas corpus under section 2241(c)(3), Petitioner's arguments lack merit.  Section 2241(c)(3) provides that a court may issue a writ of habeas corpus where a prisoner is "in custody in violation of the Constitution or laws . . . of the United States."  Section 2241(c)(3) applies to a defendant out on bond pending trial as a person released on bond is considered "in custody." *Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973); *Baker v. Daker*, 263 Fed. Appx. 809, 812 (11th Cir. 2008); *Atkins v. People of State of Mich.*, 644 F. 2d 543, 546 n.1 (6th Cir. 1981).

An exhaustion requirement also applies to petitions for habeas corpus brought pursuant to section 2241(c)(3).  *See Hensley,* 411 U.S. at 351 ("Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts."). This exhaustion requirement is jurisdictional. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992).

---

[2]In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"In construing the exhaustion requirement, the Supreme Court has explained that 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process.'" *Dill v. Holt*, 371 F. 3d 1301, 1303 (11th Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Petitioner appealed the denial of his motion to be referred to drug court to the Florida Fourth District Court of Appeal by filing an Emergency Petition for Writ of Prohibition and Mandamus, raising the constitutional issues he raises before this Court. The Fourth District Court of Appeals denied this writ without any explanation other than to state that this denial was "on the merits." Petitioner then filed a Motion for Clarification and Certification to the Florida Supreme Court, which the Fourth District Court of Appeals also denied. *See* Fla. R. App. P. 9.100, 9.030. Thus, the Court finds Petitioner has exhausted his remedies. *See Escandar v. Ferguson*, 441 F. Supp. 53, 57 (S.D. Fla. 1977) (finding Petitioner had sufficiently exhausted his remedies where he filed a motion in the trial court and a petition for writ of habeas corpus or mandamus in the Florida Third District Court of Appeal). However, in order to receive relief under section 2241(c)(1)(3), Petitioner must also demonstrate that he is in custody in violation of the Constitution or laws of the United States. He has failed to meet this requirement.

Petitioner argues that his substantive due process rights, procedural due process rights and equal protection rights have been violated. Substantive due process protects fundamental rights. *See McKinney v. Pate*, 20 F. 3d 1550, 1556 (11th Cir. 1994). Petitioner has not identified a fundamental right which has been violated. Petitioner's argument is that the state created the rights that he is arguing have been violated. "[A]reas in which substantive rights are created only by state law . . . are not subject to substantive due process protection under the Due Process

Clause because 'substantive due process rights are created only by the Constitution.'" *Id*. at 1556 (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985)). Thus, the Court finds this argument is without merit.

Next, Petitioner argues that his procedural due process rights have been violated. To prevail on a procedural due process claim, Petitioner must demonstrate: "(1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F. 2d 1362, 1366 (11th Cir. 1993). Here, Petitioner argues that the relevant state statutes together with the administrative order creating the drug court program in Indian River County has conferred upon him "the right to remain at liberty, receive treatment, maintain his record of no convictions, and not to be excluded from the program." (D.E. No. 13 at 9).[3] This Court disagrees and finds Defendant has not demonstrated that he has a constitutionally protected liberty interest.[4]

"State-created procedures can give rise to a protected liberty interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion." *Daniels v. Crosby*, 444 F. Supp. 2d 1220, 1226 (N.D. Fla. 2006). However, these state statutes and the administrative order at issue do not create a constitutionally protected liberty interest to participate in the drug-court program as participation in this program is largely

---

[3]The Court notes that is specifically not considering the issue of whether a person already granted entry into a drug-court treatment program has a liberty interest to remain a participant in the program.

[4]Because the Court finds Petitioner has not demonstrated that he has a constitutionally protected liberty interest, it does not consider the alleged deficiencies in the procedures in Petitioner's case.

discretionary.

Two state court statutes, sections 397.334 and 948.08(6)(a) of the Florida Statutes, and Administrative Order 2006-11 issued by the chief judge of Indian River County relate to the drug-court treatment program at issue.[5]  Section 397.334(1) does not require a county to operate a treatment-based drug court program.  It states that a county "may fund a treatment-based drug court program," leaving the decision of whether to establish such a program within the discretion of each particular county. While section 948.08(6)(a) provides that only certain defendants are eligible to participate in a drug-court program, it leaves a determination as to which eligible defendants are allowed to participate in this program within the discretion of the court and in some special instances, the state attorney.  The statute only requires a court to deny admission to the program where the state attorney has established by a preponderance of the evidence at a hearing that the defendant was involved in dealing or selling controlled substances. Similarly, Administrative Order 2006-11 also provides that only certain defendants are eligible to participate in a drug court program, and requires the state attorney to identify these defendants

---

[5]Section 397.334, of the Florida Statutes, is a general statute which provides that a county "may fund a treatment-based drug court program." Fla. Stat. § 397. 334(1).  Section 948.08(6)(a), discusses pretrial intervention programs, and provides which defendants are "eligible" to participate in pretrial diversion programs including a treatment-based drug court program, as approved by the chief judge of a particular circuit.  It also provides for the development of a coordinated strategy for each person participating in a drug-court program and it gives the court discretion at the end of the pretrial intervention to determine whether a defendant has successfully completed the pretrial intervention program and to determine whether it is appropriate to have the person continue in education and treatment or to "revert the charges to normal channels for prosecution." Fla. Stat. § 948.08(6)(c).  If the Court finds a defendant has successfully completed the pretrial intervention program, it must dismiss the charges.   Finally, the Indian County administrative order issued by the chief judge, Administrative Order 2006-11, creates the Nineteenth Circuit Drug Court Program and defines its administrative structure and other procedures relevant to the operation of this Drug Court.

and the judges assigned to the drug court to determine whether these eligible defendants should be a part of the program.  Thus, the Court finds that where as in this case, the decision to admit a defendant to a drug-court program whether he be eligible or not is discretionary, it cannot find that the state has created a liberty interest by establishing this drug-court treatment program.[6]  *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979) (finding that an inmate does not have a constitutionally-protected liberty interest in the possibility of parole).

To the extent Petitioner is seeking review of the state trial court's interpretation of its own laws and its circuit's administrative order and has merely couched his arguments in terms of due process and equal protection arguments, the Court finds this improper.  *See Branan v. Booth*, 861 F. 2d 1507, 1508 (11th Cir. 1988) (affirming the district court's dismissal of a habeas petition stating that the petition was "based exclusively on state law issues which are merely 'couched in terms of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)).   Thus, the Court does not reach the issue of whether the trial court misapplied section 948.08(6)(a) and the administrative order in denying Petitioner's motion in the state court.

---

[6]The Supreme Court has considered due process liberty interests in *Sandin v. Connor*, 515 U.S. 472 (1995).  *Sandin* found that states could create liberty interests protected by the Due Process Clause; however, these interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  However, it is unclear if the test established by the *Sandin* Court to evaluate liberty interests applies to this action because *Sandin* specifically considered prison conditions.  However, even if this test does apply, the Court would also find that a decision not to admit Petitioner to drug court is not an atypical and significant hardship.

Finally, Petitioner has stated in his petition that his rights have been violated under the Equal Protection Clause. However, Petitioner has never elaborated on this argument, and it is unclear why he is alleging that these rights have been violated. To assert an equal protection claim, Petitioner must demonstrate that the state treated him differently from a similarly situated person based on a constitutionally protected interest. *See Jones v. Ray*, 279 F. 3d 944, 946-47 (11th Cir. 2001). Petitioner has not met this burden. Thus, the Court also finds this argument is without merit. Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge Bandstra's Report and Recommendation **(D.E. No. 15)** is **AFFIRMED** and **ADOPTED in part**. Accordingly, it is

**ADJUDGED** that

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2254, 2241 is **DENIED**.

2. Petitioner's Motion for Stay of Court Proceedings Pending Determination of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2254, 2241 Pending Before This Court (D.E. No. 2) is **DENIED** as moot.

3. This Case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of July, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record